UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIA HOWELL,<br><br>                    Plaintiff,<br><br>          v.<br><br>RUSTAM ISKAKOV and/or JOHN DOE #1-5 (fictitious name), BALTIC FREIGHT CORP. and/or AJ LINES and/or JOHN DOE OWNER #1-5, (fictitious name), RICHARD ROE #1-5 (fictitious name) and/or RICHARD ROE COMPANY #1-5 (fictitious name) and/or RICHARD ROE, INC. #1-5 (fictitious name), individually, jointly, severally and/or in the alternative,<br><br>                    Defendants. | Civil Action No.:<br><br>Hon.<br><br><br>NOTICE OF REMOVAL<br><br>*Document Filed Electronically* |

TO:   CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY


ON NOTICE TO:   Thomas F. Flynn, III, Esq.
                Flynn & Associates, P.C.
                2091 Springdale Road, Suite 2
                Cherry Hill, New Jersey 08003

                Clerk – Law Division
                Superior Court of New Jersey
                Camden County Courthouse
                101 South 5th Street
                Camden New Jersey, 08103

**PLEASE TAKE NOTICE** that defendants Rustam Iskakov, Baltic Freight Corp. and AJ Lines, Inc., improperly plead as AJ Lines ("Defendants") through their counsel, Tompkins,

McGuire, Wachenfeld & Barry, LLP hereby remove this civil action pending in the Superior Court of New Jersey, Camden County, Law Division ("the State Court Action"), docket number CAM-L-3604-17, pursuant to U.S.C. 28 §§ 1441 and 1446, as amended and in accordance with 28 U.S.C. § 1332, as amended, on the following grounds:

1. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because the procedural requirements for removal are satisfied and because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

I. **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

2. On September 13, 2017, plaintiff Kia Howell ("Plaintiff") commenced the State Court Action by filing a Complaint identified by Superior Court docket number CAM-L-3604-17 ("Complaint") with the Deputy Clerk of the Superior Court, Camden County, New Jersey. (A true and exact copy of the Complaint is annexed as Exhibit A).

3. Plaintiff's Complaint names as defendants Rustam Iskakov (a Florida resident), Baltic Freight Corp. (an Illinois corporation) and AJ Lines, Inc. (an Illinois corporation), and various fictitious defendants whose citizenship is disregarded for purposes of establishing diversity. *See* 28 U.S.C. § 1441(a)("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b). The undersigned downloaded a copy of the Complaint on November 28, 2017 from the New Jersey

State Judiciary's website. To my knowledge, Defendants have not otherwise received a copy of the Complaint through service or otherwise.

5. The United States District Court for the District of New Jersey embraces the locality in which the State Court Action is now pending and, thus, this Court is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

6. No previous application for removal has been made.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of New Jersey – Law Division, Camden County.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of costs and interest.

### A. Complete Diversity of Citizenship Exists.

#### 1. Plaintiffs' Citizenship.

9. Plaintiff is a resident of New Jersey, who resides at 1900 Frontage Road in Cherry Hill. (Ex. A). *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)(for purposes of diversity jurisdiction, "[c]itizenship is synonymous with domicile …").

#### 2. Defendants' Citizenship.

10. No Defendant is a citizen of New Jersey.

11. Defendant Rustam Iskakov is a resident of Florida, who resides 4841 Forest Street, Hollywood, Florida.

12. Defendant Baltic Freight Corp. is an Illinois Corporation with its principal place of business located at 537 E. South Frontage Road, Bollingbrook, Illinois. *See* 28 U.S.C. § 1332(c)(1)(for diversity purposes, "a corporation shall be deemed to be a citizen … of the State or foreign state where it has its principal place of business … ").

13. Defendant AJ Lines, Inc., improperly plead as AJ Lines, is an Illinois corporation with its principal place of business located at 125 41st Street, Downers Grove, Illinois.

**B. The Amount in Controversy Requirement is Satisfied.**

14. Defendants respectfully submit that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

15. This is a personal injury action involving a tractor-trailer versus automobile collision wherein Plaintiff claims to have sustained "severe personal injuries" and "has been and in the future will be prevented from pursuing her usual duties and occupation and has been and in the future will be caused to expend large sums of money for medical care and attention in and about endeavoring to cure herself of her said injuries." (Ex. A, First Count, ¶4).

16. New Jersey state court practice does not permit demand for a specific sum. *See* 28 U.S.C. § 1446(c)(2)(A)(ii). *See also* N.J.R.Civ.P. 4:5-2.

17. However, "courts have held that allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue." *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998).

18. Accordingly, Defendants submit that the Court should find pursuant to 28 U.S.C. § 1446(c)(2)(B) that the amount in controversy exceeds $75,000 for purposes of this application.

19. Finally, Defendants submit that this matter should be assigned to this Court's Newark vicinage, since the accident in question occurred in Bergen County.  (Ex. A, ¶1).  L.Civ.R. 40.1(a) (allocation based on the residence of defendant, convenience of litigants, counsel and witnesses, and the place where the cause of action arose).  *See also*, *Jennings v. Exelrod*, 2011 U.S. Dist. LEXIS 68820 (D.N.J. June 27, 2011)(Pisano)(plaintiff's residence is not a factor in determining allocation).

**WHEREFORE**, Defendants respectfully remove this action from the Superior Court of New Jersey to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Respectfully submitted,

*/s/ Jared DuVoisin*_____
Jared P. DuVoisin
**TOMPKINS, McGUIRE,
        WACHENELD & BARRY, LLP**
3 Becker Farm Road
4th Floor
Roseland, New Jersey 07068
(973) 622-3000
jduvoisin@tompkinsmcguire.com

*Attorneys for Defendants*

## LOCAL RULE 11.2 CERTIFICATION

PURSUANT to Local Rule 11.2, the undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding.

*/s/ Jared DuVoisin*_____

Jared P. DuVoisin
**TOMPKINS, McGUIRE,
    WACHENELD & BARRY, LLP**
3 Becker Farm Road
4th Floor
Roseland, New Jersey 07068
(973) 622-3000
jduvoisin@tompkinsmcguire.com

*Attorneys for Defendants*

## CERTIFICATION OF SERVICE

I hereby certify that on this date, a Notice of Removal and Corporate Disclosure Statement were filed with the Court and served on the following via the New Jersey State Judiciary electronic filing system:

>Thomas F. Flynn, III, Esq.
>Flynn & Associates, P.C.
>2091 Springdale Road, Suite 2
>Cherry Hill, New Jersey 08003
>
>Clerk – Law Division
>Superior Court of New Jersey
>Camden County Courthouse
>101 South 5th Street
>Camden New Jersey, 08103

>/s/ Jared DuVoisin_____
>
>Jared P. DuVoisin
>**TOMPKINS, McGUIRE,**
>    **WACHENELD & BARRY, LLP**
>3 Becker Farm Road
>4th Floor
>Roseland, New Jersey 07068
>(973) 622-3000
>jduvoisin@tompkinsmcguire.com
>
>*Attorneys for Defendants*

DATED:       December 8, 2017

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KIA HOWELL,<br><br>       Plaintiff,<br><br>    v.<br><br>RUSTAM ISKAKOV and/or JOHN DOE #1-5 (fictitious name), BALTIC FREIGHT CORP. and/or AJ LINES and/or JOHN DOE OWNER #1-5, (fictitious name), RICHARD ROE #1-5 (fictitious name) and/or RICHARD ROE COMPANY #1-5 (fictitious name) and/or RICHARD ROE, INC. #1-5 (fictitious name), individually, jointly, severally and/or in the alternative,<br><br>       Defendants. | **Civil Action No.:**<br><br>**Hon.**<br><br><br>**CORPORATE DISCLOSURE STATEMENT**<br><br>*Document Filed Electronically* |

  Pursuant to Federal Rule of Civil Procedure 7.1, defendants Rustam Iskakov, Baltic Freight Corp. and AJ Lines, Inc., improperly plead as AJ Lines provide the following corporate statement:

  Baltic Freight Corp. and AJ Lines, Inc. do not have parent corporations, nor is there any publicly held corporation that owns 10% or more of either company's stock.

            By: */s/ Jared P. DuVoisin*

               Jared P. DuVoisin
               **TOMPKINS, McGUIRE,**
               **WACHENFELD & BARRY, LLP**
               3 Becker Farm Road, 4th Floor
               Roseland, New Jersey 07068
               (973)622-3000
               jduvoisin@tompkinsmcguire.com
               *Attorneys for Defendants*

Dated: December 8, 2017