**FLYNN & ASSOCIATES, P.C.**
BY: THOMAS F. FLYNN, III, ESQUIRE
I.D. No. 022831982
2091 Springdale Road/ Suite 2
Cherry Hill, NJ 08003
(856) 669-6100
Attorney for Plaintiff(s)

| | | |
|---|---|---|
| Plaintiff(s) | : | SUPERIOR COURT OF NEW JERSEY |
| KIA HOWELL | : | LAW DIVISION CAMDEN COUNTY |
| | : | |
| vs. | : | |
| | : | DOCKET # |
| Defendant(s) | : | |
| | : | CIVIL ACTION |
| RUSTAM ISKAKOV and/or JOHN DOE #1-5 (fictitious name), BALTIC FREIGHT CORP. and/or AJ LINES and/or JOHN DOE OWNER #1-5 (fictitious name), RICHARD ROE #1-5 (fictitious name) and/or RICHARD ROE COMPANY #1-5 (fictitious name) and/or RICHARD ROE, INC. #1-5 (fictitious name), individually, jointly, severally and/or in the alternative | : : : : : : | **COMPLAINT, DEMAND FOR JURY TRIAL AND DESIGNATION OF TRIAL COUNSEL** |

Plaintiff, Kia Howell, residing 1900 Frontage Road, Cherry Hill, New Jersey, by way of Complaint against the Defendant(s), says:

### FIRST COUNT

1. On or about September 15, 2015, plaintiff, Kia Howell, was the operator of a motor vehicle traveling northbound on the New Jersey Turnpike at milepost 115.3 in the Borough of Carlstadt, County of Bergen, State of New Jersey.

2. At the time and place aforesaid, defendant, Rustam Iskakov and/or John Doe #1-5 (fictitious name), was the operator of a motor

1

vehicle owned by defendant, Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name), which vehicle was traveling northbound on the New Jersey Turnpike at milepost 115.3 in the Borough of Carlstadt, County of Bergen, State of New Jersey, striking plaintiff's vehicle.

3. At the time and place aforesaid, defendant(s), Rustam Iskakov and/or John Doe #1-5 (fictitious name) and/or Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name), operated and maintained their motor vehicle in such a careless and negligent manner as to cause a collision to occur with plaintiff's motor vehicle.

4. As the result of the negligence and carelessness on the part of the defendants, plaintiff, Kia Howell, was caused to sustain severe personal injuries, has been and in the future will be caused to undergo great pain and suffering, has been and in the future will be prevented from pursuing her usual duties and occupation and has been and in the future will be caused to expend large sums of money for medical care and attention in and about endeavoring to cure herself of her said injuries.

WHEREFORE, plaintiff, Kia Howell, demands judgment against the defendants, Rustam Iskakov and/or John Doe #1-5 (fictitious name) and/or Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name), jointly, severally and/or in the alternative, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with damages, counsel fees, interest and costs of suit.

## SECOND COUNT

1. For the sake of brevity, the allegations set forth in the First Count are herein repeated and made a part of this Count.

2. At the time and place aforesaid, defendant, Rustam Iskakov and/or John Doe #1-5 (fictitious name), were acting as the agent, servant and/or employee of defendant, Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name).

3. The actions of defendant, Rustam Iskakov and/or John Doe #1-5 (fictitious name), are imputed to defendant, Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name).

4. As the result of the negligence and carelessness on the part of the defendant, Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name), as imputed by the actions of the defendant, Rustam Iskakov and/or John Doe #1-5 (fictitious name), plaintiff, Kia Howell, was caused to sustain severe personal injuries, has been and in the future will be caused to undergo great pain and suffering, has been and in the future will be prevented from pursuing her usual duties and occupation and has been and in the future will be caused to expend large sums of money for medical care and attention in and about endeavoring to cure herself of her said injuries.

WHEREFORE, plaintiff, Kia Howell, demands judgment against the defendants, Rustam Iskakov and/or John Doe #1-5 (fictitious name) and/or Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name), jointly, severally and/or in the alternative, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New

Jersey, together with damages, counsel fees, interest and costs of suit.

### THIRD COUNT

1. For the sake of brevity, the allegations set forth in the First and Second Counts are herein repeated and made a part of this Count.

2. Defendant driver Rustam Iskakov and/or John Doe #1-5 (fictitious name) was and is notorious as a bad driver and was and is wholly irresponsible as the operator of a motor vehicle. Defendant owner Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name) knew of such facts, or through the exercise of ordinary care should have known such facts. Defendant owner's act of entrusting such person with an automobile on the highways of the State of New Jersey was an act of negligence, and such negligence was a proximate cause of Plaintiff's damages.

WHEREFORE, plaintiff, Kia Howell, demands judgment against the defendants, Rustam Iskakov and/or John Doe #1-5 (fictitious name) and/or Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name), jointly, severally and/or in the alternative, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with damages, counsel fees, interest and costs of suit.

### FOURTH COUNT

1. For the sake of brevity, the allegations set forth in the First, Second and Third Counts are herein repeated and made a part of this Count.

4

2. The defendant(s), Richard Roe #1-5 (fictitious name) and/or Richard Roe Company #1-5 (fictitious name) and/or Richard Roe, Inc. #1-5 (fictitious name), is a person and/or company doing business in the State of New Jersey, or in one of the States in the United States of America.

3. On or before September 15, 2015, defendant(s), Richard Roe #1-5 (fictitious name) and/or Richard Roe Company #1-5 (fictitious name) and/or Richard Roe, Inc. #1-5 (fictitious name), had a contract with defendant, Rustam Iskakov and/or John Doe #1-5 (fictitious name) and/or Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name), for the purposes of repair, installation, maintenance, operation, supervision and general safekeeping of the vehicle(s) owned and utilized by defendant, Rustam Iskakov and/or John Doe #1-5 (fictitious name) and/or Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name).

4. At the time and place aforesaid, defendant(s), Richard Roe #1-5 (fictitious name) and/or Richard Roe Company #1-5 (fictitious name) and/or Richard Roe, Inc. #1-5 (fictitious name), were negligent in the proper control, maintenance, supervision, operation, repair and general safekeeping of the aforementioned vehicle and allowed and/or permitted to exist a certain dangerous and hazardous condition of said motor vehicle and they failed to give any warning of said dangerous and hazardous condition and were negligent in that they failed to properly inspect, discover and remove a hazard and were in other ways careless and negligent in the maintenance of the motor vehicle.

5. At the time and place aforesaid, plaintiff, Kia Howell, was caused to sustain serious personal injuries as a result of the above mentioned negligence and carelessness of defendant(s), Richard Roe #1-5 (fictitious name) and/or Richard Roe Company #1-5 (fictitious name) and/or Richard Roe, Inc. #1-5 (fictitious name).

6. As the result of the negligence and carelessness on the part of the defendant(s), plaintiff, Kia Howell, was caused to sustain severe injuries, has been and in the future will be caused to undergo great pain and suffering, has been and in the future will be prevented from pursuing her usual duties and occupation and has been and in the future will be caused to expend large sums of money for medical care and attention in and about endeavoring to cure herself of her said injuries.

WHEREFORE, plaintiff, Kia Howell, demands judgment against the defendant(s), Richard Roe #1-5 (fictitious name) and/or Richard Roe Company #1-5 (fictitious name) and/or Richard Roe, Inc. #1-5 (fictitious name), jointly, severally, and/or in the alternative, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with damages, counsel fees, interest and costs of suit.

### FIFTH COUNT

1. For the sake of brevity, the allegations set forth in the First, Second, Third and Fourth Counts are herein repeated and made a part of this Count.

2. At the time and place aforesaid, defendant, Richard Roe #1-5 (fictitious name) and/or Richard Roe Company #1-5 (fictitious name) and/or Richard Roe, Inc. #1-5 (fictitious name), was acting

as the agent, servant and/or employee of defendant, Rustam Iskakov and/or John Doe #1-5 (fictitious name) and/or Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name).

3. The actions of defendant, Richard Roe #1-5 (fictitious name) and/or Richard Roe Company #1-5 (fictitious name) and/or Richard Roe, Inc. #1-5 (fictitious name), are imputed to defendant, Rustam Iskakov and/or John Doe #1-5 (fictitious name) and/or Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name).

4. As the result of the negligence and carelessness on the part of the defendant, Rustam Iskakov and/or John Doe #1-5 (fictitious name) and/or Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name), as imputed by the actions of the defendant, Richard Roe #1-5 (fictitious name) and/or Richard Roe Company #1-5 (fictitious name) and/or Richard Roe, Inc. #1-5 (fictitious name), plaintiff, Kia Howell, were caused to sustain severe personal injuries, has been and in the future will be caused to undergo great pain and suffering, has been and in the future will be prevented from pursuing her usual duties and occupation and has been and in the future will be caused to expend large sums of money for medical care and attention in and about endeavoring to cure herself of her said injuries.

WHEREFORE, plaintiff, Kia Howell, demands judgment against the defendants, Richard Roe #1-5 (fictitious name) and/or Richard Roe Company #1-5 (fictitious name) and/or Richard Roe, Inc. #1-5 (fictitious name) and/or Rustam Iskakov and/or John Doe #1-5 (fictitious name) and/or Baltic Freight Corp. and/or AJ Lines

and/or John Doe Owner #1-5 (fictitious name), jointly, severally and/or in the alternative, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with damages, counsel fees, interest and costs of suit.

### SIXTH COUNT

1. For the sake of brevity, the allegations set forth in the First, Second, Third, Fourth and Fifth Counts are herein repeated and made a part of this Count.

WHEREFORE, plaintiff, Kia Howell, demands judgment against the defendants, Rustam Iskakov and/or John Doe #1-5 (fictitious name) and/or Baltic Freight Corp. and/or AJ Lines and/or John Doe Owner #1-5 (fictitious name) and/or Richard Roe #1-5 (fictitious name) and/or Richard Roe Company #1-5 (fictitious name) and/or Richard Roe, Inc. #1-5 (fictitious name), jointly, severally and/or in the alternative, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with damages, counsel fees, interest and costs of suit.

**PLAINTIFF(S) HEREBY DEMANDS A TRIAL BY JURY.**

FLYNN & ASSOCIATES, P.C.

BY: _____
THOMAS F. FLYNN, III, ESQUIRE

DATED: 8/31/17

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

I further certify that I am aware of no other party who should be joined in this action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Alfred J. Falcione, Esquire, is hereby designated as trial attorney in this matter.

## NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)

PLEASE TAKE NOTICE that the undersigned attorney hereby demands that each party herein serving pleadings and/or interrogatories and/or receiving papers thereto serve copies of all such pleadings and answered interrogatories received from any party upon the undersigned and TAKE FURTHER NOTICE THAT THIS IS A CONTINUING DEMAND.

## NOTICE PURSUANT TO RULE 1:7(b)

PLEASE TAKE NOTICE that, pursuant to New Jersey Court Rule 1:7-1(b), the plaintiff may suggest to the trier of fact, with respect to any element of damages, that unliquidated damages be calculated on a time unit basis without reference to a specific sum.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff(s) further demand, pursuant to Rule 4:17-1, defendant answer under oath or duly certified the uniform interrogatories as prescribed by Form C of Appendix II of the Rules of Court of the State of New Jersey. The answers shall be provided within the time prescribed by law.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy judgment.

If so, attach a copy of each policy or agreement, or in the alternative state, under oath or certification: (a) policy number; (b) name and address of insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons/entities covered; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

### NOTICE OF UTILIZATION OF TIME UNIT METHOD OF CALCULATING DAMAGES

Be advised that plaintiff may utilize the time unit method for calculating damages at the time of trial.

### NOTICE TO UTILIZE MEDICAL ILLUSTRATIONS

Plaintiff's experts may utilize medical charts and/or medical diagrams and/or medical illustrations of the affected areas of the body at the time of trial.

**FLYNN & ASSOCIATES, P.C.**

BY: _____
THOMAS F. FLYNN, III, ESQUIRE

DATED: 8/31/17

**Law Offices**
# FLYNN & ASSOCIATES, P.C.
*Attorneys At Law*

Thomas F. Flynn, III
Frank P. Brennan *

Alfred J. Falcione *♦
Elizabeth D. Berenato *♦
Gary F. Piserchia ♦
Frank Pollock *
Mary Paula Millerick *
John E. Riehl
Jason S. Walker *
Stephen L. Slavoff *

2091 Springdale Road, Suite 2
Cherry Hill, N.J. 08003
(856) 669-6100 NJ
(856) 669-6114 Fax
FlynnLaw@tflynnlaw.com

OF COUNSEL:

Joseph L. Messa, Jr. *
MESSA & ASSOCIATES PC

Kenneth L. Wallach *
KICKBUSCH WALLACH, PC

Joseph M. Jachetti ᐃ
SCHUSTER JACHETTI, LLP

Albert J. Talone *

♦Certified By the Supreme Court of New Jersey as a Civil Trial Attorney

* Member of NJ & PA Bars
ᐃ Member of NJ, PA & DE Bars

REPLY TO: Cherry Hill

15-25038

August 31, 2017

Civil Processing
Superior Court of New Jersey
101 South Fifth Street/ Suite 110
Camden, New Jersey 08103

    RE: Howell v. Iskakov, et al

Dear Sir/Madam:

    Enclosed herewith please find the following:

        (XX) Complaint and one (1) copy
        (XX) Case Information Statement
        (XX) Return Envelope
        (XX) Check in the amount of $250.00

    Would you please:

        (XX) File and return certified copy

                    Very truly yours,

                    FLYNN & ASSOCIATES, P.C.

                    THOMAS F. FLYNN, III

TFF/eah
Enclosures

---

123 So. 22nd St.
Philadelphia PA 19103

1842 Burl-Mt. Holly Rd.
Mt. Holly NJ 08060

43 W. Church Street
Blackwood NJ 08109

20 Green Street
Newark NJ 07102

6 Throckmorton Street
Freehold NJ 07728

<u>Appendix XII-B1</u>



| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1 **Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA CHG/CK NO. ( ) Money Order Fee Paid & Entered AMOUNT: SEP 13 2017 OVERPAYMENT: # 4596 BATCH NUMBER Amount $ 250.00 Batch # 729 |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Thomas F. Flynn, III, Esquire | (856) 669-6100 | Camden |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Flynn & Associates, P.C. | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 2091 Springdale Road / Suite 2 Cherry Hill, New Jersey  08003 | Complaint |
| | JURY DEMAND  ■ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Kia Howell, Plaintiff | Howell v. Iskakov, et al |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? | ☐ YES | ■ NO |
|---|---|---|---|---|
| 603N | ☐ YES  ■ NO | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. | | |

| RELATED CASES PENDING? ☐ YES  ■ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|
| | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES  ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) National Indemnity Company | ☐ NONE ☐ UNKNOWN |
|---|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES  ■ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) ☐ FAMILIAL  ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES | ■ NO |
|---|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES  ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES  ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 06/05/2017, CN 10517                                                                                                                                page 1 of 2

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA
- 624 STRYKER LFIT CoCr V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category  ☐ Putative Class Action   ☐ Title 59